**FORM B9I** (Chapter 13 Case) (12/03)                      Case Number **05−13860−jw**

# UNITED STATES BANKRUPTCY COURT
District of South Carolina

## Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines

The debtor(s) listed below filed a chapter 13 bankruptcy case on 10/14/05.
You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below.
NOTE:  The staff of the bankruptcy clerk's office cannot give legal advice.

### See Reverse Side For Important Explanations.

**Debtor(s) (name(s) used by the debtor(s) in the last 6 years, including married, maiden, trade, and address):**
Earl E. Gavin Jr.
aka Earl Eugene Gavin , aka Earl Eugene Gavin Jr.
P.O. Box 2144
Gaffney, SC 29341

| Case Number: | Taxpayer ID Nos.: |
|---|---|
| 05−13860−jw | xxx−xx−2891 |

| Attorney for Debtor(s) (name and address): | Bankruptcy Trustee (name and address): |
|---|---|
| Sheryl Clarkson Bland<br>PO Box 8037<br>Gaffney, SC 29342<br>Telephone number: (864) 489−3997 | Helen Elizabeth Burris<br>301 N. Main Street<br>Suite 1904<br>Greenville, SC 29601<br>Telephone number: (864) 242−0314 |

### Meeting of Creditors:

Date: **December 2, 2005**                      Time: **02:30 PM**
Location:  **Donald Stuart Russell Federal Courthouse, 201 Magnolia Street, Spartanburg, SC 29306−2355**

### Deadlines:
Papers must be *received* by the bankruptcy clerk's office by the following deadlines:

**Deadline to File a Proof of Claim or Interest**
For all creditors (except a governmental unit): **3/2/06**    For a governmental unit: **4/12/06**

**Deadline to Object to Exemptions:**
Thirty (30) days after the *conclusion* of the meeting of creditors.

**Filing of Plan, Hearing on Confirmation of Plan**

**The hearing on confirmation will be held:**
Date: **12/29/05**    Time: **01:30 PM**
Location: **Donald Stuart Russell Federal Courthouse, 201 Magnolia Street, Spartanburg, SC 29306−2355**

### Creditors May Not Take Certain Actions

The filing of the bankruptcy case automatically stays certain collection and other actions against the debtor, the debtor's property, and certain codebtors. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized.

| **Mailing Address of the Bankruptcy Clerk's Office:**<br>United States Bankruptcy Court<br>J. Bratton Davis United States Bankruptcy Courthouse<br>1100 Laurel Street<br>Columbia, SC 29201−2423<br>Telephone:  1−803−765−5211 and 1−800−669−8767 | **FILED BY THE COURT ON:**<br>**10/14/05**<br>Robin L. Blume, Clerk<br>U.S. Bankruptcy Court |
|---|---|
| Public Business Hours:  9:00 AM − 4:30 PM | Dated: 10/15/05 |

**EXPLANATIONS** FORM B9I (12/03)

| | |
|---|---|
| Filing of Chapter 13 Bankruptcy Case | A bankruptcy case under chapter 13 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by the debtor(s) listed on the front side, and an order for relief has been entered. Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts pursuant to a plan. A plan is not effective unless confirmed by the bankruptcy court. You may object to confirmation of the plan and appear at the confirmation hearing. A copy or summary of the plan will be sent to you later and the confirmation hearing will be held on the date indicated on the front of this notice. The debtor will remain in possession of the debtor's property and may continue to operate the debtor's business, if any, unless the court orders otherwise. |
| Creditors May Not Take Certain Actions | Prohibited collection actions against the debtor and certain codebtors are listed in Bankruptcy Code § 362 and § 1301. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee, and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. |
| Claims or Interest | A Proof of Claim or Interest is a signed statement describing a creditor's claim or interest. If a Proof of Claim or Interest form is not included with this notice, you can obtain one at any bankruptcy clerk's office. If you do not file a Proof of Claim or Interest by the "Deadline to File a Proof of Claim or Interest" listed on the front side, you might not be paid any money on your claim or interest against the debtor in the bankruptcy case. To be paid you must file a Proof of Claim or Interest even if your claim or interest is listed in the schedules filed by the debtor. |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors, even if the debtor's case is converted to chapter 7. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objection by the "Deadline to Object to Exemptions" listed on the front side. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed, including the list of the debtor's property and debts and the list of property claimed as exempt, at the bankruptcy clerk's office. |
| Legal Advice | The staff of the bankruptcy clerk's office cannot give legal advice. You may want to consult an attorney to protect your rights. |
| Confirmation Hearing | The debtor is required to appear at the Confirmation Hearing. Any objection to confirmation of the proposed plan and related motions must be filed and served in compliance with SC LBR 3015–1 and SC LBR 9014–4. If objections to confirmation are timely filed, they will be heard at the Confirmation Hearing at the time and place set forth above or at a hearing, separate notice of which will be given by the court. Objections to confirmation may be overruled if the objecting creditor fails to appear and prosecute the objection. If no objection is timely filed in accordance with SC LBR 3015–1 and SC LBR 9014–4, the plan may be confirmed and related motions resolved on recommendation of the trustee. Should this happen, the Confirmation Hearing may be canceled. |
| Secured Claims | Any creditor that takes possession of its collateral, whether by judicial action, voluntary surrender, or through operation of the plan, will be paid nothing unless a proof of claim for any deficiency is filed after disposal of the collateral. This also applies to creditors who may claim an interest in collateral released to another lienholder or collateral on which the stay has been modified by another lienholder. |
| Abandonment | All property of the estate which the trustee considers to be burdensome or of inconsequential value and benefit may be abandoned by the trustee at the meeting of creditors unless creditors or parties in interest object. |
| Plan Summary | Pursuant to SC LBR 3015–1, the debtor's attorney or a pro se debtor is required to serve, under separate cover, a copy of the plan on all creditors. SC LBR 3015–1 requires that this plan conform to the form plan set forth in Exhibit 1 to SC LBR 3015–1. This form plan requires periodic payment (usually monthly) by the debtor to the trustee. This form plan also provides for payment of any unpaid fees owed to the debtor's attorney at a specified percentage of payments made to creditors. This form plan also provides for periodic payment (usually monthly) on the allowed secured claims of some secured creditors, followed by pro rata payment of the allowed amounts of priority claims, and pro rata payment of allowed unsecured claims until a specified percentage of unsecured claims is paid. The plan may contain other provisions which affect the rights of creditors, therefore, the plan itself should be consulted. |
| Dismissal | This case may be dismissed without further notice or hearing should the debtor fail to comply with SC LBR 1006–1 (Payment of Filing Fee) or SC LBR 1007–2 (Filing of Lists, Schedules or Statements), or SC LBR 2003–1 (Failure of the Debtor(s) or Attorney of the Debtor(s) to Attend the Meeting of Creditors), or SC LBR 3015–1 (Chapter 13 Requirements). Failure to comply with SC LBR 3015–1 may be addressed at the confirmation hearing in a Chapter 13 case and may result in the dismissal of the case and the imposition of sanctions. If confirmation of a plan is denied, or if payments to the Trustee required by 11 USC 1326(a) are not timely made by the debtor, the case may be dismissed without futher notice or hearing, at the confirmation hearing. |

**–– Refer to Other Side for Important Deadlines and Notices ––**